# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENA GONZALEZ-AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-767-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lorena Gonzalez-Aguilar appeals her conviction of knowingly transporting an undocumented alien within the United States by means of a motor vehicle. She argues that the district court plainly erred by failing to stop a United States Border Patrol Agent from reading from his investigative report at trial. She further argues that the error affected the jury verdict and merits reversal on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40782

Gonzalez-Aguilar offered no objections to the complained of testimony at trial.  Therefore, as she correctly concedes, review is for plain error.  *See United States v. Setser*, 568 F.3d 482, 493 (5th Cir. 2009).  To show plain error, Gonzalez-Aguilar must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  An error affects substantial rights if the error "affected the outcome of the district court proceedings."  *Id.*

"Under Federal Rule of Evidence 612, a witness may use a writing to refresh his or her recollection only if (1) the witness requires refreshment, and (2) the writing actually refreshes the witness's memory."  *United States v. Carey*, 589 F.3d 187, 190 (5th Cir. 2009) (citations omitted).  A witness may not testify directly from a writing under the guise of Rule 612, and "[c]aution must be exercised to insure that the document is actually being used for purposes of refreshing and not for purposes of putting words in the mouth of the witness."  *Id.* at 191 (internal quotation marks and citation omitted).

Even if we assume arguendo that the admission of the testimony from Agent Munoz's investigative report was erroneous, Gonzalez-Aguilar has not demonstrated that she is entitled to reversal on appeal.  The information contained in her sworn statement was sufficient for the jury to infer that she knew or recklessly disregarded the fact that the person she was transporting was unlawfully present in the United States.  *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002); *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992); *United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1071-72 (5th Cir. 1982).

No. 16-40782

Additionally, she has not shown that the evidence would not have been admitted anyway. Agent Munoz previously testified that his memory of another witness that same day needed to be refreshed. He also testified that his memory was refreshed by the report of his interview with Gonzalez-Aguilar and the report reflected information that was "fresher" in his mind than his testimony at trial. This testimony suggests that, had an objection been made, he likely would have been able to meet the requirements of Federal Rule of Evidence 803(5) which would have permitted him to read from his report (alternatively, he could have given similar testimony after having his recollection refreshed). *See United States v. Marcontino*, 590 F.2d 1324, 1330 n. 6 (5th Cir. 1979) ("We think it is not far-fetched to say that [the] notes constituted, in the language of rule 803(5), '(a) memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, . . . .'"). Thus, Gonzalez-Aguilar has failed to demonstrate that the error, if any, affected her substantial rights. *See Puckett*, 556 U.S. at 135.[1] Accordingly, the judgment is AFFIRMED.

---

[1] For these same reasons, we would not exercise our discretion to recognize the error.

3